## O. AHLBORG & SONS, INC.

### v.

### The TRAVELERS INDEMNITY COMPANY, et als.

### No. 97–71–A.

Supreme Court of Rhode Island.

May 23, 1997.

Michael W. Reardon, Providence.

Timothy Gallogly, Adam C. Robitaille, Providence.

## ORDER

This matter is here on the plaintiff's appeal from a Superior Court judgment in favor of the defendants, in accordance with Super.R.Civ.P. 56. After consideration of the prebriefing materials, this case was assigned to the full court for a session in conference in accordance with Rule 12A(3)(b) of the Supreme Court Rules of Appellate Procedure. After reviewing the memoranda filed by counsel, we proceed to decide this matter without further briefing or argument.

This court reviews a Superior Court justice's decision on summary judgment by the same standards as those employed by the trial justice. *Avco Corp. v. Aetna Cas. & Sur. Co.*, 679 A.2d 323, 327 (R.I.1996). That is, we review the pleadings, depositions, answers to interrogatories, admissions on file, and the affidavits to determine if a genuine issue of material fact exists. *Id.* After so doing, we conclude that the trial judge in this case correctly ruled that there were no genuine issues of material fact to be resolved.

The plaintiff, a general building contractor, contracted with Claremont Development Associates, Inc. (Claremont) to complete a rehabilitation project on the Waite–Thresher Building located in Providence, Rhode Island. Plaintiff subcontracted with D.F. Pray, Inc. (Pray) to install a concrete floor. The work completed by Pray proved to be defective and Claremont sought relief.

On June 16, 1989, Claremont notified the plaintiff of its claim; plaintiff forwarded the letter to Goodrich–Blessing Agency, its insurance agent. The defendant, The Travelers Indemnity Company, denies ever receiving this letter from the agent. In 1990, the plaintiff received a demand from Claremont for arbitration; however, the plaintiff concedes that it never notified the defendant of this demand. The case proceeded to arbitration where an award was made in favor of Claremont. Plaintiff then sought reimbursement from the defendant.

The defendant moved for summary judgment on the basis that the plaintiff did not provide timely notice of the claim under the terms of the policy, and thus its claim must fail. We agree.

The trial justice ruled that as a matter of law, the plaintiff breached the terms of the policy by failing to give notice of the arbitration. The notice provision is as follows:

> If claim is made or suit is brought against the Insured, the Insured shall immediately forward to the Company every demand, notice, summons or other process received by the Insured or the Insured's Representative.

Because the plaintiff conceded that it failed to provide a copy of the demand for arbitration to the defendant, we agree with the trial justice that the plaintiff did not comply with the notice provision. *See Pickering v. American Employers Insurance Co.*, 109 R.I. 143, 282 A.2d 584 (1971) (notice under terms of policy includes copies of legal process served).

We have carefully considered the record in this case and, for the reasons stated above, we find no error on the part of the Superior Court justice. Consequently, the appeal is denied and dismissed. The papers may be remanded to the Superior Court.